IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARSHALL A. TILLMAN,**

              **Petitioner,**

     v.                                      CASE NO. 07-3098-SAC

**STATE OF KANSAS, et al.,**

              **Respondents.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondents filed an Answer and Return (Doc. 20). Petitioner filed a supplement, captioned Memorandum and Facts (Doc. 16), but no traverse.

**Background**

On February 24, 1995, petitioner was charged in the District Court of Leavenworth County with Capital Murder in violation of K.S.A. 21-3439(a)(4) and one count of Rape in violation of K.S.A. 21-3502(2). Trial was delayed by defense motions and by petitioner's placement in the Larned State Security Hospital for treatment and evaluation.

In September 1999, the state district court granted the prosecution's motion to dismiss the charges without prejudice. On the same day, the prosecution filed a new complaint, charging petitioner with First Degree Felony Murder in violation of K.S.A.

21-3401, and one count of Rape in violation of K.S.A. 21-3502(2).

On December 13, 1999, petitioner filed a state habeas corpus action pursuant to K.S.A. 60-1507, alleging a denial of his right to a speedy trial. He voluntarily dismissed that action in June 2000.

On February 23, 2004, a jury acquitted petitioner of murder but found him guilty of rape. On April 9, 2004, petitioner was sentenced to a term of 125 months. He appealed his conviction, alleging he was denied a speedy trial and challenging the constitutionality of the Kansas statute defining any sexual intercourse with a person under 14 as rape.

The Kansas Court of Appeals affirmed the conviction,[1] and the Kansas Supreme Court denied review. Petitioner filed this action on April 11, 2007. He seeks relief on the grounds of ineffective assistance of counsel, conflict with counsel, denial of a speedy trial, and violation of the statutory limitations period.

## Discussion

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA provides that where a claim has been decided on the merits in the state courts, a federal court may grant relief in habeas corpus only if the petitioner can demonstrate the state courts' decision was "contrary

---

[1] *State v. Tillman*, 125 P.3d 590 (Table)(Kan. Ct. App. 2005), 2005 WL 3579258.

2

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1) and (2).

In addition, a "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

Petitioner seeks review on four grounds, namely:(1) ineffective assistance of trial counsel;[2] (2) conflict with his attorney over continuances; (3) denial of a speedy trial; and (4) violation of limitation period.

Respondents assert that petitioner exhausted his claim alleging the denial of a speedy trial but contend the remaining claims were not exhausted and now are procedurally defaulted.

**Denial of a speedy trial**

The court first examines the speedy trial claim. The Sixth Amendment to the United States Constitution guarantees that the

---

[2] Petitioner attaches a pleading captioned "Appellant's Petition for Review" to the petition. While that pleading presents a claim of ineffective assistance of counsel, a close review of the record shows that the underlying action under K.S.A. 60-1507 concerns a different criminal action than the action at issue in this matter. This habeas corpus action concerns Criminal Case 9909CR652, and the habeas corpus action filed in the District Court of Leavenworth County was No. 9912 HC 00089. The petition for review attached to the petition arose from Criminal Case 9501CR54 and habeas corpus action 2003 CV 308.

accused in a criminal prosecution "shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.

The Kansas Court of Appeals summarized the procedural history of the criminal case as follows:

> Tillman was originally charged in February 1995 with capital murder and rape, arising out of the death of a 12-year-old female (the 1995 complaint). By the end of February, the Capital Defense Coordinator had filed numerous motions on Tillman's behalf. The barrage of defense motions continued throughout the year.
>
> On November 28, 1995, the district court ordered the first of several mental evaluations to determine Tillman's competency to stand trial. At some time in the 1980's, Tillman had been diagnosed as bipolar and had intermittently taken psychotropic drugs, such as lithium. That early evaluation, dated December 7, 1995, found Tillman competent to stand trial, but cautioned that to maintain his level of functioning, it was "crucial that Mr. Tillman continue to be consistent in taking his prescribed medication."
>
> Approximately a year later, when Tillman refused to eat, take his medication, or cooperate, he was deemed incompetent to stand trial and was sent to the Larned State Hospital. The following year, on October 17, 1997, the district court filed a journal entry in which it found that Tillman was not competent to stand trial and again ordered him to Larned. The record does not include a report on that evaluation.
>
> The next entry in the record for the 1995 case is a journal entry of dismissal dated September 10, 1999, reciting that the State was dismissing the case without prejudice. The same date, the State filed a complaint charging Tillman with felony murder and rape (the 1999 complaint). Ten days later, Tillman was again ordered to Larned to determine his competency to stand trial and to determine his sanity at the time of commission of the crime. Ultimately, on February 23, 2004, Tillman's jury trial was commenced. The jury acquitted Tillman on the murder charge but convicted him of rape. At sentencing, Tillman received credit for time served of 2,712 days. Doc. 1, Attach. *State v. Tillman*, 92,850 (Kan. Ct. App. Dec. 30, 2005)(unpub. opinion).

4

In *Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court established a four-part balancing test for speedy trial claims. Under that test, a speedy trial claim is analyzed by balancing: (1) the length of the delay, (2) the cause of the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant. *Id*. at 530. No single factor is alone "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id*. at 533.

The Kansas courts properly identified *Barker* as controlling authority and considered the four factors in evaluating petitioner's claim. In its analysis, the Kansas Court of Appeals (KCOA) determined first, that the nine-year period from the filing of charges in 1995 to the jury trial in 2004 was a presumptively prejudicial delay requiring consideration of the remaining factors set out in *Barker*.

The reasons for the delay identified by the state courts were: the continuances requested by trial counsel, which it found were made with petitioner's consent; the multiple occasions on which petitioner was referred for psychiatric evaluation at the request of his counsel; the considerable discovery being conducted by petitioner's counsel in preparation for a capital murder trial; and the petitioner's mental state, which was exacerbated at some times due to his failure to take his medications. The KCOA determined that petitioner had not refuted the finding of the district court

5

that the delays were attributable to the requests of his counsel and to his mental state.

Next, the KCOA found that while petitioner had cited his right to a speedy trial in a letter to the state district court, thereafter, his counsel later was granted a number of continuances on various grounds. The state district court determined petitioner had acquiesced in all of those continuances. Although petitioner now states that he did not agree to the continuances (Doc. 16, pp. 2-3), the finding of the state courts is presumed to be correct, and petitioner has not presented any clear and convincing evidence that he objected to the continuances.

The respondents also point out that while petitioner commenced a pro se application for relief under K.S.A. 60-1507 in which he asserted the right to a speedy trial, he later voluntarily dismissed it.

Finally, the KCOA determined the lengthy period in which charges were pending, and during which petitioner was detained, was not unduly prejudicial to the petitioner. This decision was based on the facts that during the much of the time in question, two other criminal cases were pending against petitioner, petitioner received jail time credit, and the prejudice to him was to be weighed in light of prejudice to the prosecution caused by the lengthy delay. The KCOA also considered relevant the fact that petitioner was charged under a recently-enacted capital murder statute, contributing to the extended period of discovery and investigation.

This court has considered the record and concludes the state

6

courts' decisions were thorough and applied the proper legal standard in a reasonable way. The lengthy delay in commencing petitioner's trial was the result of factors not within the control of the court, and the decisions related to continuances appear to be eminently reasonable under the circumstances.

Accordingly, this court upholds their determinations concerning the claimed speedy trial violation.

**Procedural bar of remaining claims**

Respondents contend the petitioner's remaining claims, namely, ineffective assistance of counsel, conflict with counsel, and violation of the statute of limitations, are barred by the doctrine of procedural default. Respondents assert both that petitioner failed to present these claims to the state courts and that he would now be barred from doing so.

A federal court will not review claims presented on habeas corpus where the claims were defaulted in the state courts unless the petitioner demonstrates cause for the default and prejudice or, in the alternative, establishes a fundamental miscarriage of justice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In this context, cause "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded ... compl[iance] with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Coleman*, 501 U.S. at 753 (cause requires "something external to the petitioner, something

7

that cannot fairly be attributed to him....").

To demonstrate prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). Finally, a "fundamental miscarriage of justice" requires a showing that the petitioner is "actually innocent" of the crime. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

As noted, petitioner filed no traverse. The court has examined the state court records submitted by the respondents and finds nothing to demonstrate that any of the remaining claims were presented in the state courts. The court concludes these claims are barred by procedural default and finds no basis to excuse the default.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 4th day of October, 2007, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge